UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  26-22347-CIV-SINGHAL

GERSAIN LASPRILLA,

     Petitioner,

v.

DEPARTMENT OF HOMELAND
SECURITY, and ASSISTANT FIELD
OFFICE DIRECTOR GARRETT RIPA,

     Respondents.

_____/

## ORDER

**THIS CAUSE** is before the Court on Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "**Petition**").  (DE [1]).  Petitioner is an alien who has been detained by Immigration and Customs Enforcement.  (DE [1] at 1–2).  The Petition is difficult to understand because it does not well describe the circumstances of Petitioner's confinement, the relief Petitioner seeks, or the legal arguments supporting same.  *See generally* (DE [1]).  For example, Petitioner cites various constitutional provisions, statutes, and cases for various propositions, but does not explain how those provisions and cases apply.  *See* (DE [1] at 6–7).  Lack of clarity notwithstanding, the Court discerns the following argument: Because Petitioner is not a flight risk, not a danger to the community,[1] is subject to unlawful and prolonged detention, and is not likely to be

---

[1] While not considered as a basis for the instant denial, the Court notes that Petitioner does not appear worthy of release pending removal.  The criminal case he cites as his own reveals that Petitioner has been charged, under a different name, with no less than 13 felonies for fraud, grant theft, and another apparently related charge, as well as a violation of probation.  *See* (DE [1] at 1 (providing criminal case number F24-020314A)).  That adjudication was withheld as to the nine charges on which the government proceeded indicates to the Court that the factual bases for the charges was well-founded.

determined removable, Petitioner's detention violates the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001), among other things.  *See* (DE [1] at 6). Petitioner seeks immediate release from detention or "such other [relief] as may be just and approp[r]iate."  *See* (DE [1] at 7).  For the reasons stated below, the Court **DENIES** the Petition (DE [1]).

Section 2243 authorizes courts to deny legally insufficient petitions for habeas corpus without ordering responsive briefing.  *See* 28 U.S.C. § 2243 ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or . . . direct[] the respondent to show cause why the writ should not be granted, ***unless*** it appears from the application that the applicant . . . is not entitled thereto."); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . ." (quoting *McFarland v. Scott*, 512 U.S. 849, 856 (1994))).

Petitioner is correct that *Zadvydas* stands for the proposition that the Fifth Amendment prohibits the government from indefinitely detaining aliens who appear to not be removable.  *See Zadvydas*, 533 U.S. at 690–96.  It also discusses the government's legitimate interests in combating flight risk and community danger, but does not limit the government's legitimate interests to those objectives.  *See id.* at 690.  And, as this Court has recently noted, the Supreme Court's subsequent decision in *Demore v. Kim*, 538 U.S. 510 (2003), indicates that alien detainees are not generally entitled to individualized bond hearings to determine flight risk, at least for the first six months pending removal.  *See Morales v. Noem*, --- F. Supp. 3d ---, 2026 WL 236307, at *9 (S.D. Fla. Jan. 29, 2026); *Azcona-Quintero v. Swain*, No. 26-60079-CIV-SINGHAL, Dkt. No. 8 (S.D. Fla. Feb. 12,

2026); *Factor Flores v. Field Office Dir.*, No. 26-60448-CIV-SINGHAL, Dkt. No. 4 (S.D. Fla. Feb. 20, 2026).  Then, even after being detained for six months, it is the alien's initial burden to demonstrate "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  *See Zadvydas*, 533 U.S. at 701.

Critically, Petitioner has failed to set forth a factual basis that could support a finding that he is not a flight risk, a danger to the community, that he is not likely removable, or that his detention serves no valid purpose.  Lacking supporting facts, the Petition is insufficient on its face.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Petition (DE [1]) is **DENIED**.  The Clerk of Court is directed to **CLOSE** this case, **CANCEL** all hearings and deadlines, and **DENY AS MOOT** all pending motions, except for Petitioner's pending Application to Proceed in District Court Without Prepaying Fees or Costs (DE [3]).

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 8th day of April 2026.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF